UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Mark Stutsman
505 Lark Haven Cir.
Prescott, AZ 86303,                                    Case No. _____

                              Plaintiff,
v.

Haljoe Coaches USA LLC
2563 208tth Street
Lake City, FL 32024,

Leonardo Montoya
3104 Traviston Dr.
Franklin, TN 37064,

National Interstate Insurance Company,
3250 Interstate Dr.
Richfield, OH 44286,
                              Defendants,

## COMPLAINT

Plaintiff Mark Stutsman, by and through his counsel, Kravit, Hovel & Krawczyk, S.C., asserts the following for his complaint against defendants Haljoe Coaches USA, LLC, Leonardo Montoya, and National Interstate Insurance:

      1.      This action is the result of a July 19, 2019 tour bus crash that occurred at or about 9:48 a.m. in Rock County, Wisconsin.  The crash caused significant injuries to plaintiff Mark Stutsman, forced him to leave the Train/Goo Goo Dolls tour that he was working on as the director and videographer.  Mr. Stutsman's injuries required significant treatment, causing him to incur expensive medical bills and forego lucrative job opportunities.

## PARTIES

2. Plaintiff Mark Stutsman ("Stutsman") is an adult resident and citizen of the State of Arizona. He has spent decades in the entertainment industry, including as a director of numerous concert tours and as a videographer and camera operator.

3. Defendant Haljoe Coaches USA, LLC (US DOT# 918949) ("Haljoe") is a Florida limited liability company with its primary business address located at 2563 208th Street, Suite B, Lake City, Florida 32024. Haljoe owned and operated the tour bus that crashed. Haljoe is a citizen of Florida.

4. Defendant Leonardo Montoya ("Montoya") is an adult resident and citizen of the State of Tennessee. Upon information and belief, he lives at 3104 Traviston Drive, Franklin, Tennessee 37064. He was a bus driver for Defendant Haljoe Coaches USA, LLC and he was driving when the tour bus crashed.

5. Defendant National Interstate Insurance Company is an insurance company with its principal place of business located at 3250 Interstate Dr, Richfield, OH 44286. Its registered agent for service of process is located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717. National Interstate Insurance Company is the insurer of defendant Haljoe Coaches USA, LLC and is a citizen of Ohio.

## JURISDICTION AND VENUE

6. Jurisdiction is appropriate in this Court under 28 U.S.C. § 1332(a). There is complete diversity of citizenship among the parties to this action and the amount in controversy exceeds $75,000, exclusive of interest and costs. Stutsman has suffered serious injuries directly from the bus crash that has resulted in over $50,000 in medical expenses. Stutsman has also suffered lost income of $20,000 from missing the final month of the tour he was on after the

accident and he had to decline at least $40,000 in work to date due to his injuries and the continuing effects from the crash. It is anticipated that Stutsman will have to continue to turn down videographer work in perpetuity, which will cause further monetary damages. Stutsman has experienced pain, suffering and disability and it is expected that he will continue to do so in the future.

7. Venue is appropriate in the Federal District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(2). The bus crash giving rise to this litigation occurred in Rock County, Wisconsin.

## FACTS

8. Mark Stutsman is a videographer and director specializing in music concert tours. He has worked on tours with Taylor Swift, Justin Bieber, Beyoncé, Bon Jovi, Sting, Elton John, Prince, Michael Jackson, the list goes on and on. His career spans decades. While Stutsman has received acclaim for his directing work, his passion is operating the camera. He was one of the top concert videographers in the nation, if not the world. Between 2015 and 2018, Stutsman earned an average of $87,500 per year as a concert videographer and director.

9. In the Summer of 2019, Stutsman was hired to work on the nationwide concert tour featuring the bands Train and the Goo Goo Dolls as co-headliners. The 39-show tour began in Auburn, Washington on June 7 and was set to last through an August 17 date in Mansfield, Massachusetts. Stutsman was contracted to the tour as the video director and was paid $4,750-plus a week. Stutsman received additional payments if he worked with the opening acts.

10. During the tour, the tour bus Stutsman was riding on was owned and operated by Haljoe. There were no seatbelts readily available to passengers in the tour bus other than in the area at the front of the bus for the driver.

11. In the tour bus living areas, space underneath the bench seating was used for storage, with drawers that could slide out along the floor. On this particular bus, Haljoe was negligent for failing to equip the vehicle with drawer restraints in the event of a crash or sudden movements.

12. Montoya was hired as a driver by Haljoe. Stutsman played no role in the hiring of Montoya, including, without limitation, making a determination regarding whether Montoya's health and previous medical history indicated any issue with him serving as a tour bus driver or whether that he had the experience necessary to drive a tour bus.

13. Upon information and belief, Montoya violated the federal "15 hour" rule for drivers on July 17, 2019 and he complained to his wife the following day about not getting rest he felt he needed. Upon information and belief, a common trigger for seizures is lack of sleep and tiredness.

14. In the middle of the Train/Goo Goo Dolls tour, while traveling between the July 17 show in Walker, Minnesota to the July 19 show at Tinley Park, Illinois, the tour bus carrying Stutsman crashed in Rock County, Wisconsin. The crash was a single vehicle accident involving the 2019 Prevost tour bus (VIN 1NPALU0X86N890638) that was owned and operated by Haljoe and being driven by Montoya.

15. Upon information and belief, the bus was heading southbound I-39/90 in the right lane when Montoya suffered a medical issue and passed out at the wheel. The vehicle struck the barrier wall and scraped along it until coming to a stop.

16. Upon information and belief, Montoya has a preexisting medical condition that caused him to experience seizures and loss of consciousness without any ability to anticipate when they might occur and he suffered a seizure resulting in the crash. It is anticipated that

Montoya's medical records will reveal a history of health issues, including seizures and other instances of lost consciousness, that Haljoe and Montoya knew or should have known made Montoya unfit to drive a tour bus.

17. Stutsman was in the front lounge living area when the crash occurred. The storage compartments under the bench seats in the front lounge living area opened when the crash happened, and Stutsman careened off the unsecured drawers that opened into the common area.

18. Montoya was negligent for failing to maintain management and control of the vehicle; accepting responsibility for and operating the vehicle with knowledge that he was susceptible to seizures that could render him unable to control the vehicle; and other reasons to be further investigated in this litigation. Haljoe was negligent for allowing Montoya to operate the vehicle after he was saying he was not well rested; after he had previously violated the 15-hour rule; while knowing that he had a history of medical issues that would potentially risk the health and safety of tour bus passengers; for failing to secure the storage areas under seats in case of accident or sudden change in direction or speed; and other reasons to be further investigated in this litigation.

19. As a result of the defendants' negligence, Stutsman sustained injuries that required medical care and treatment, he incurred medical and hospital expenses, he sustained a loss of wages, and he sustained pain, suffering and disability. On information and belief, he will continue to incur related medical expenses in the future and will have future pain, suffering and disability, and permanent disability.

20. After the accident, Stutsman missed the final 19 shows of the Train/Goo Goo Dolls tour, which caused him to not be paid what he would have earned for those shows. Stutsman incurred injuries to his shoulder, arms, and legs, including a ruptured bicep muscle,

lacerations to both arms, multiple bruises on his legs, wrists and knees, swelling and overall body pain. Mr. Stutsman also suffered psychological and emotional injuries including anxiety when in a motor vehicle, which is exacerbated when he is a passenger. He has undergone counseling and continues to do so.  Stutsman has experienced pain, suffering and disability as well as past and future medical expenses.  It is expected that he will continue to experience these ramifications in the future.

21.	The on-going effects of Stutsman's injuries have forced him to turn down all touring opportunities through November 2019 and, to date, Stutsman still is not physically able to work as a concert videographer as a result of injuries he sustained related to the accident. He has sustained past and future loss of actual earnings and of earning capacity.

22.	By virtue of its policies of liability insurance issued to defendant Haljoe, the defendant National Interstate Insurance Company is jointly and severally liable to Stutsman for his damages.

23.	On information and belief, Medicare or Stutsman's AARP supplement to Medicare made payments for health care expenses incurred by Stutsman for treatment of injuries sustained in the accident under its medical payments coverage and may claim a subrogation interest in plaintiff's recovery.  On information and belief, the plaintiff will not be made whole by any recovery from the defendants.

WHEREFORE, plaintiff Stutsman seeks judgment as follows:

A.	Against defendants, jointly and severally, for his compensatory damages;

B.	Against defendants, jointly and severally, for his costs and disbursements as provided by law;

C.	For a declaration and determination of the subrogation rights, if any, of Medicare and Stutsman's AARP supplement to Medicare, and if none are claimed or shown, that the court enter judgment extinguishing any such claims, with prejudice;

    D.    For a declaration and determination of the subrogation rights, if any, of National Interstate Insurance Company as medical payments insurer, and if none are claimed or shown, that the court enter judgment extinguishing any such claims, with prejudice; and

    E.    For such other further relief as the court deems just.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE**

Dated: August 11, 2020.    Respectfully submitted,

    *s/ Benjamin J. Glicksman*
    Stephen E. Kravit
    Benjamin J. Glicksman
    *Attorneys for Plaintiff, Mark Stutsman*

Kravit, Hovel & Krawczyk s.c.
825 North Jefferson - Fifth Floor
Milwaukee, WI 53202
(414) 271-7100 - Telephone
(414) 271-8135 - Facsimile
kravit@kravitlaw.com
bjg@kravitlaw.com